IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

AUTUMN MARIE PAULS,                )
                                   )
            Plaintiff,             )   Case No. CV08-337-E-BLW
                                   )
vs.                                )   **ORDER**
                                   )
BRENT REINKE, RICH GREEN,          )
WILLIAM RIELLE, and BUTCH          )
GIBSON,                            )
                                   )
            Defendants.            )
_____)

Before the Court are Defendant Brent Reinke's Motion for Summary Judgment (Docket No. 18) and Plaintiff's Motion to Allow Late Filing of Response to Summary Judgment (Docket No. 21). For the reasons set forth below, these motions will be granted.

## I. MOTION TO ALLOW LATE FILING OF RESPONSE (Docket No. 21)

Plaintiff, through counsel, asks the Court to permit the filing of a late response to Defendant Reinke's Motion for Summary Judgment because she had been proceeding pro se when the motion was filed and only recently secured counsel. The Court finds this request to be reasonable and will permit the late filing of Plaintiff's

**ORDER  1**

Memorandum in Opposition to Motion for Summary Judgment (Docket No. 22).

## II.  MOTION FOR SUMMARY JUDGMENT (Docket No. 18)

Defendant Reinke moves for summary judgment on the grounds that Plaintiff cannot prove the essential elements of her Section 1983 and negligence claims against him.

### A.     Background

Plaintiff is incarcerated at the Pocatello Women's Correctional Center. Plaintiff alleges that, while she was being held in the Adams County Jail, Officer Gibson used his power and authority to coerce her, on numerous occasions, into participating in sexual acts with him.  Plaintiff also alleges that Officer Gibson made inappropriate sexual comments to her many times.  In her Complaint, Plaintiff asserts Eighth Amendment and supplemental state law negligence claims against Brent Reinke, Director of the Idaho Department of Corrections; Sheriff Rich Green; Captain William Rielle; and Officer Butch Gibson. Plaintiff seeks compensatory and punitive damages.

### B.     Standard of Law

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "One of the principal purposes of the summary judgment rule is

**ORDER  2**

to isolate and dispose of factually unsupported claims[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not a "disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *See id*. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988). In addition, the Court "must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point

**ORDER  3**

out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000). This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Anderson*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and show by "affidavits, or by the 'depositions, answers to interrogatories, or admissions on file'" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

**C.  Discussion**

Defendant Brent Reinke moves the Court for summary judgment dismissing Plaintiff's claims against him on the grounds that he was not the Director of IDOC or even employed with IDOC at the time Plaintiff alleges that she was sexually abused. The parties agree that Defendant Reinke was not appointed Director of IDOC until approximately three months after Plaintiff's alleged sexual abuse had already concluded. Nevertheless, Plaintiff still opposes the Motion for Summary Judgment on the grounds that Defendant Reinke is the proper party to represent IDOC in the present action by virtue of the laws of substitution and joinder. Plaintiff argues that if Director Killeen (who was the Director of IDOC during the time Plaintiff was allegedly sexually abused) was named as a party, under Rule 17(d) and Rule 25(d) of the Federal Rules of Civil Procedure, "Director Reinke would automatically be substituted as the correct placeholder." (Docket No. 21, at p. 4). Plaintiff concludes

**ORDER  4**

that, as such, dismissal of Defendant Reinke from this action would be "an exercise in futility" (Docket No. 21, at p. 3).

1.  Section 1983 Claims

Plaintiff brings Eighth Amendment claims under 42 U.S.C. § 1983 against Defendant Reinke. To have a claim under § 1983, a plaintiff must show the existence of four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must show personal participation by each of the defendants in order to maintain a cause of action against them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Section 1983 requires a claimant to show that the named defendants proximately caused the constitutional violation or the alleged injury. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). In other words, liability under Section 1983 arises only upon a showing of sufficient personal participation by the defendant. Specifically, Plaintiff must demonstrate either that the Defendant personally participated in Plaintiff's sexual abuse or that he directed, or knew of and failed to prevent, that abuse. *See Taylor*, 880 F.2d at 1045.

In the November 26, 2008 Initial Review Order in the present case, the Court found that Plaintiff had not set forth "any allegations which would show Director Reinke had any direct involvement in, or personal knowledge of, the alleged sexual

**ORDER 5**

abuse." (Docket No. 5, at p. 4). Plaintiff then amended her complaint to allege that Director Reinke knew of the abuse by Officer Gibson and failed to prevent it. (Docket No. 6; *see also* Order, Docket No. 7, at p.1). It is now clear that Plaintiff's factual allegations against Defendant Reinke are unsubstantiated.

It is undisputed fact that Defendant Reinke did not personally participate or even know of the alleged sexual abuse and that he was not the Director of IDOC or otherwise employed with IDOC during the time that Plaintiff was allegedly sexually abused. Thus, Plaintiff cannot show that Defendant "proximately caused" the alleged sexual abuse or that he was even acting under the "color of state law" at the time of the alleged sexual abuse. Moreover, contrary to Plaintiff's contention, if Plaintiff was to amend the complaint to add Director Killeen as a defendant, this would not automatically result in the substitution of Director Reinke as a defendant. Therefore, summary judgment dismissing Plaintiff's Section 1983 claims against Defendant Reinke is appropriate.

  2. <u>Negligence Claims</u>

Plaintiff also brings supplemental state law claims for negligence against Defendant Reinke. To prove negligence under Idaho law, a plaintiff must bring forward evidence showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's

**ORDER  6**

injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004). It is clear that Defendant Reinke was not employed by IDOC and did not have any knowledge of the alleged sexual abuse. Therefore, Defendant Reinke had no duty to Plaintiff to protect her from sexual abuse. Thus, Plaintiff cannot establish a negligence claim against Defendant Reinke, and summary judgment dismissing these claims against him is appropriate.

**D.    Conclusion**

The Court will grant Defendant Reinke's Motion for Summary Judgment (Docket No. 18). Accordingly, Plaintiff's claims against Defendant Reinke will be dismissed with prejudice.

### III.  FAILURE TO SERVE DEFENDANTS

On January 5, 2009, the Court ordered Plaintiff to serve Defendants within 120 days (Docket No. 7). This time period has elapsed and to date it does not appear from the record that Plaintiff has served any of the remaining Defendants in this action.[1] The Court understands that Plaintiff has had difficulties serving Defendants while she was proceeding pro se and that she only recently secured counsel. Accordingly, Plaintiff is granted ninety (90) days from the date of entry of this Order to properly serve the remaining Defendants with the summons and the amended complaint.

---

[1] It appears from the record that Plaintiff served Defendant Reinke (who is being dismissed from this action), but never served Defendants Green, Rielle, or Gibson.

Plaintiff is forewarned that failure to effectuate service by this deadline will result in dismissal of her claims against the unserved Defendants without prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Allow Late Filing (Docket No. 21) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Defendant Reinke's Motion for Summary Judgment (Docket No. 18) is GRANTED. Plaintiff's claims against Defendant Reinke are dismissed with prejudice.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall serve the remaining Defendants with summons and the amended complaint within ninety (90) days from the date of entry of this Order.



DATED: **June 10, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER 8**