UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUTUMN MARIE PAULS,<br><br>    Plaintiff,<br><br> v.<br><br>RICH GREEN, Sheriff of Adams County, in his official and individual capacity, and BUTCH GIBSON, jailer, in his official and individual capacity, JOHN AND JANE DOES 1-5, in their official and individual capacities,<br><br>    Defendants. | Case No. 4:08-cv-00337-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it defendant Adams County's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. 73). The Court finds that the decisional process would not be aided by oral argument, and will resolve this motion after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

**BACKGROUND**

This Court previously granted in part and denied in part Adams County's motion for summary judgment. *See Sept. 7, 2011 Order (Dkt. 70).* The denial related to plaintiff

MEMORANDUM DECISION AND ORDER - 1

Autumn Pauls' state-law claims. In this motion, Adams County argues that Pauls has failed to sufficiently allege the two state-law tort claims at issue – intentional infliction of emotional distress and negligent infliction of emotional distress.

## THE LEGAL STANDARD[1]

Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests, . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of

---

[1] Adams County frames its motion as an alternative motion for summary judgment. The Court can decide this motion upon the pleadings, however, and will therefore resolve the motion under Federal Rule of Civil Procedure 12(b)(6).

MEMORANDUM DECISION AND ORDER - 2

'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728,

737 (9th Cir. 2009) (issued two months after *Iqbal*).[2] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter,* 466 F.3d 676, 685 (9th Cir. 2006).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)

---

[2] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

MEMORANDUM DECISION AND ORDER - 4

## ANALYSIS

Adams County urges the Court to dismiss Pauls' tort claims on the basis that they are barred by the Idaho Tort Claims Act (ITCA). *See* Idaho Code § 6-904(3).

"The purpose of the ITCA is to provide 'much needed relief to those suffering injury from the negligence of government employees.'" *Rees v. Idaho,* 137 P.3d 397, 406 (Idaho 2006) (citation omitted). The key statute therefore provides that "every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions . . . where the governmental entity if a private person or entity would be liable for money damages under laws of the state of Idaho, . . . ." Idaho Code § 6-903(1).

There is an exception to liability, however, when plaintiffs' claim arises out of certain torts, including assault and battery. *See* Idaho Code § 6-904(3) ("A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which: . . . *[a]rises out of assault, battery . . . .*") (emphasis added). But this exception does not insulate governmental entities from liability in all instances involving an assault or battery. When government employees negligently allow a foreseeable assault or battery to occur, the government may still be liable. *See Kessler v. Barowsky*, 931 P.2d 641, 647-48 (Idaho 1997) (negligent planning claim not foreclosed by exception to ITCA liability contained in Idaho Code § 6-904(3)).

MEMORANDUM DECISION AND ORDER - 5

The Idaho Supreme Court explained this concept long ago in *Doe v. Durtschi*, 716 P.2d 1238, 1243 (1986):

> There is a distinction between the conduct which forms the basis of a cause of action in negligence and one for assault and battery. A cause of action in negligence requires the breach of a duty which is the proximate cause of the plaintiff's injury. A battery, on the other hand, requires intentional bodily contact which is either harmful or offensive.

(internal citations omitted).

In *Durtschi*, the Court held that a school district was not immune from liability under the intentional torts exception to ITCA liability when a teacher molested children (thereby physically injuring them) and the school district had knowledge that the teacher had committed previous sexual abuse. *Id.* at 1245. The Court explained that to withstand dismissal under the intentional tort exception to the ITCA, "a plaintiff must allege sufficient facts which, if proven, would demonstrate that the governmental entity should have reasonably anticipated that one of their employees would commit an intentional tort." *Id.*

Under these authorities, the intentional tort exception to ITCA liability does not necessarily bar Pauls from pursuing Adams County for emotional distress.

### 1.    Pauls' NIED Claim is Not Foreclosed by the Idaho Tort Claims Act

Turning first to the negligent infliction of emotional distress (NIED) claim, Adams County's motion depends on a very narrow reading of this claim. Adams County argues that Pauls fails to allege that the County was negligent, but instead alleges only that the

County breached its duty not to batter her.

Adams County first observes that there must be a recognized legal duty supporting a NIED claim. This is correct; Idaho courts have explained that "[n]egligent infliction of emotional distress is simply a category of the tort of negligence, requiring the elements of a common law negligence action." *Johnson v. McPhee*, 210 P.3d 563, 574 (Idaho Ct. App. 2009). The elements of common law negligence are: "(1) a duty recognized by law requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the conduct and the plaintiff's injury; and (4) actual loss or damage." *Id.* (citing *Brooks v. Logan*, 903 P.2d 73, 78 (Idaho 1995)). Additionally, there must be some physical manifestation of the plaintiff's emotional injury. *Id.*

Adams County next argues that the duty Pauls alleges must be a duty *not* to commit battery, rather than an affirmative duty to supervise employees. *See Mot. Memo. (Dkt. 73-1)* at 6 ("any recognized duty owed to Plaintiff would be not to commit battery on her person.").

The Court disagrees with this reading of the complaint. The more logical reading of the NIED claim is to view the duty as one to properly supervise its employees. *See generally Rausch v. Pocatello Lumber Co.*, 14 P.3d 1074, 1080 (Idaho Ct. App. 2000) (negligent supervision claim is based on "employer's own negligence in failing to exercise due care to protect third parties from the foreseeable tortious acts of an

employee").

While Pauls has not alleged a claim entitled Negligent Supervision and Training, she alleges facts supporting such a claim. In particular, Count II speaks generally to "inappropriate training, staffing, and supervision of jail personnel." *Second Am. Compl., Dkt. 37*, at 6. Within that claim, Pauls alleges that defendants were "deliberately indifferent" – not negligent – which she must do to support her § 1983 claim. But in her NIED claim, Pauls incorporates all previous factual allegations and then alleges that "Defendants were negligent in allowing the conditions at the Adams County Jail and/or the episodic attacks upon the plaintiff to happen and continue, and they owed the plaintiff a duty of care to protect her from such conditions and such episodic attacks." *Id.* at 7.

Thus, when the NIED claim is viewed in context, Pauls' theory is plain enough – she believes Adams County not only engaged in deliberately indifferent supervision, but was negligent as well. The Court will therefore deny the motion to dismiss the NIED claim.

**2. Pauls' IIED Claim is Not Foreclosed by the Idaho Tort Claims Act**

Adams County has also launched a narrow attack on Pauls' claim for intentional infliction of emotional distress (IIED). The County argues that it cannot be liable for IIED as a matter of law because Pauls alleges that individual defendant Butch Gibson acted "with malice." This argument is based on Idaho Code § 6-903 and *Sprague v. City of Burley*, 710 P.2d 566 (Idaho 1985).

Idaho Code § 6-903 is the portion of the ITCA that addresses an entity's obligation to defend employees who have been sued. Among other things, § 6-903 provides that if the employee acted maliciously or with criminal intent, the governmental entity may "refuse a defense or disavow and refuse to pay any judgment" for its employee. Idaho Code § 6-903(3). That section does not deal with the entity's own actions, or its liability.

*Sprague*, however, wrongly interpreted § 6-903(c)[3] to mean that a governmental entity cannot – as a matter of law – be liable if the plaintiff alleges the employee acted maliciously or with criminal intent. 710 P.2d at 579. Recently, the Idaho Supreme Court acknowledged this part of the *Sprague* opinion as "misguided" and affirmed that "§ 6–903(c) does not provide immunity to the entity when the employee acts with malice and/or criminal intent. . . ." *Hoffer v. City of Boise*, 257 P.3d 1226, 1229 n.1 (Idaho 2011). So Adams County cannot escape potential liability simply because Pauls alleges Gibson acted "with malice." The Court will deny Adams County's motion to dismiss on these grounds.

---

[3] The sub-sections of Idaho Code § 6-903 were recently re-designated from letters to numbers. The relevant sub-section, under the current code, is (3). Sub-section(3) is identical to sub-section 6-903*(c)*, which is referenced in *Sprague* and *Hoffer*.

**ORDER**

**IT IS ORDERED** that Adams County's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. 73) is **DENIED.**



DATED: **November 14, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge